**DENIED and Opinion Filed April 12, 2019**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-18-01390-CV

**IN RE DALLAS PLASTIC SURGERY INSTITUTE, INC.,
DALLAS DAY SURGERY CENTER, INC., SAMEER SUBHASH JEJURIKAR, M.D.,
AND SAMEER SUBHASH JEJURIKAR, M.D., P.A., Relators**

**Original Proceeding from the 14th Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC-17-15886**

## MEMORANDUM OPINION
Before Justices Bridges and Whitehill
Opinion by Justice Bridges

Before the Court is the November 15, 2018 petition for writ of mandamus filed by relators

Dallas Plastic Surgery Institute, Inc. and Dallas Day Surgery Center, Inc. ("the DPSI relators") in

which they complain of a portion of an October 24, 2018 discovery order requiring them to produce

certain non-party patient medical records. Also before the Court is the November 21, 2018 petition

for writ of mandamus[1] filed by relators Sameer Subhash Jejurikar, M.D. and Sameer Subhash

Jejurikar, M.D., P.A. ("the Jejurikar relators") in which they complain of a November 7, 2018

order requiring them to produce certain non-party patient medical records. Also before the Court

are (1) real parties in interest Rolanda Hutton and Bryan Hutton's consolidated response to the

---

[1] The petition filed by relators Sameer Subhash Jejurikar, M.D. and Sameer Subhash Jejurikar, M.D., P.A. was originally docketed as cause number 05-18-01417-CV. By order dated November 27, 2018, we consolidated that original proceeding into this original proceeding because the legal issues before the Court were raised in both original proceedings and, as such, we concluded the original proceedings should be decided together.

petitions for writ of mandamus, (2) the DPSI relators' response to the Jejurikar relators' petition for writ of mandamus, (3) the Jejurikar relators' response to the DPSI relators' petition for writ of mandamus, and (4) Jejurikar relators' reply to the Huttons' response to the petitions for writ of mandamus.

To be entitled to mandamus relief, a relator must show both that the trial court has clearly abused its discretion and that relator has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). We conclude relators have not shown they are entitled to the relief requested. Based on the record before us, the trial court did not abuse its discretion by allowing production of the redacted non-party patient records because that information falls within the Rule 509(e)(4) exception to the physician-patient privilege and, therefore, section 159.003(a)(12) of the occupations code provides "an exception to nondisclosure where release of the information is required by law or ordered by the court." *See In re Arriola*, 159 S.W.3d 670, 676–77 (Tex. App.—Corpus Christi 2004, orig. proceeding) ("the rules of evidence are the 'law' that requires release of the information" and, therefore, if "the information falls within the scope of rules of evidence 509 and 510, it is subject to the abuse-and-neglect exceptions to non-disclosure" and is not statutorily barred from disclosure); *see also* TEX. R. EVID. 509(e)(4); TEX. OCC. CODE ANN. § 159.003(a)(12).

Accordingly, we deny relators' petitions for writ of mandamus. *See* TEX. R. APP. P. 52.8(a) (the court must deny the petition if the court determines relator is not entitled to the relief sought).

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

181390F.P05